WII.LIAM SMALL & others *vs.* WILLIAM A. F. SPROAT &
others.

Where an insolvent debtor made an assignment, under *St.* 1836, *c.* 238, of all his
property, which was insufficient to satisfy the debts of the creditors who had a right
to become parties to the assignment, and the assignees, with the consent of all those
creditors, reconveyed the property to the assignor, for the purpose of enabling him to
make an adjustment with them ; it was held that the assignees could not be charged,
in the process of foreign attachment, as the trustees of one who became a creditor of
the assignor after the assignment was made.

SCIRE FACIAS. The defendants, having been summoned as
trustees in an action brought by the plaintiffs against Charles
Richmond, were defaulted. The execution, which thereupon
issued, being returned unsatisfied, the plaintiffs brought this
suit, and the defendants made their answer in substance as
follows :

On the 12th of April 1837, Samuel Crocker & Charles
Richmond, partners in business, made an assignment to the de-
fendants of all their partnership and individual property, in trust
for their creditors, pursuant to *St.* 1836, *c.* 238. The debt, on
which the plaintiffs recovered the judgment upon which this *scire
facias* is brought, was contracted after said assignment was
made, and could not have been proved under it. The defend-
ants, before they were summoned as trustees in the plaintiffs' suit
against Richmond, had reconveyed to Richmond, at different
times, most of the property so as aforesaid assigned by him, for
the purpose of enabling him to secure or pay his creditors who
had become or had a right to become parties to said assignment.
This reconveyance was made with the assent of all those credi-
tors. After the defendants were summoned as trustees in the
plaintiffs' suit, they, for the same purpose, reconveyed to Rich-
mond all the property, of every description, which he had as-
signed to them, and which they had not previously reconveyed
to him. These reconveyances were made with the full consent
of said creditors of Richmond, and at their request in writing ;
and they, in consideration thereof, discharged the defendants
from all liability to them under the assignment.

All the property, conveyed in the said assignment, was not sufficient to pay the debts that existed, and were proveable under the assignment against said Richmond.

Said Richmond, after said property was reconveyed to him, conveyed the same, in trust and otherwise, for the benefit of such creditors as did or might have become parties to the assignment, and made compromises and settlements with some if not all of said creditors.

*A. Bassett & Holmes*, for the plaintiffs.

*Colby*, for the defendants.

SHAW, C. J.   The plaintiffs brought their action against Charles Richmond and summoned the present defendants as his trustees.   After judgment against the principal, default of the trustees, and execution returned unsatisfied, this writ of *scire facias* is brought to charge the trustees ; and the question arises on their answer.

They answer, that on the 12th of April 1837, Messrs. Crocker & Richmond made an assignment to W. A. F. Sproat, F. Baylies and G. A. Crocker, pursuant to *St.* 1836, *c.* 238.   By force of this statute, the assignment was good and effectual against any attachment or execution to be made or levied after the assignment, notwithstanding the creditors had not accepted by becoming parties to it before the attachment.   *Shattuck* v. *Freeman*, 1 Met. 10.   In this respect the statute changed the law which was before in force on this subject.   The property stood bound in the hands of the assignees, not only for the debts of all those who had become parties, but of all those creditors who might become parties before a final dividend.

But the plaintiffs contend, that although the law may now be so, yet that if there be any surplus in the hands of the trustees, after retaining enough to pay all the debts of the assignor, that surplus is a sum due to the assignor and may be reached by a trustee process.

It may be well doubted whether on such an attachment the assignee shall be obliged to state his entire account in a court of law, on each trustee suit, and at the instance of each attaching creditor, in order to show whether there is any surplus, instead

of rendering an account, once for all, as trustee, in a court of equity. But it is not necessary to decide this question, and the court have not placed the right of the trustees to be discharged on that ground, because it appears by their answers that there was no surplus in their hands.

The assignees did not proceed to convert the property into money and make dividends to the creditors, in the usual form ; but they state, that by mutual consent of all parties interested, they did appropriate the property, from time to time, to the compromise, satisfaction and discharge of the debts of the assignors. The assignees, the debtors and the creditors, were the only persons who had the beneficial interest in the assigned property, and the power of disposal over it. Whether this would be a good execution of the trust, to all purposes, or not, we can have no doubt that it was perfectly good as against all those who assented. It proves that the property has been appropriated to the payment of the debts ; and what is more material to the present case, it proves that there was no surplus of property in the hands of the assignees, beyond what was necessary to satisfy the debts of the creditors claiming under the assignment, and therefore that there was no surplus, after satisfying the purposes of the assignment, to be reached by the trustee process

*Defendants discharged.*